United States District Court
Northern District of California

JOWHAR ALSABUR, an individual

    Plaintiff,

v.

AUTOZONE, INC., et al.,

    Defendants.

Case No.: CV 13-01689-KAW

ORDER GRANTING DEFENDANT AUTOZONE, INC.'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

(Dkt. No. 20)

Before the Court is Defendant Autozone, Inc.'s motion to strike Plaintiff Jowhar Alsabur's jury demand from his First Amended Complaint. On October 3, 2013, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Defendant's Motion to Strike Plaintiff's Jury Demand.

## I. BACKGROUND

On January 23, 2013, Plaintiff filed this action in Alameda County Superior Court. (Dkt. No. 20.) The initial complaint contained no jury demand or reference to a jury trial. *Id.* On April 9, 2013, Defendant filed its answer in state court. (Answer, Dkt. No. 1, Ex. D.) On April 15, 2013, Defendant removed this action to federal court. (Not. of Removal, Dkt. No. 1.) Plaintiff did not file and serve a separate demand for jury trial within 14 days of removal.

At the July 16, 2013 Initial Case Management Conference, Defendant noted that Plaintiff may not be entitled to a jury trial, because the Complaint did not contain a jury demand. Plaintiff's counsel reviewed the Complaint and confirmed that the jury demand had been inadvertently omitted. The parties agreed to file a stipulation to permit Plaintiff to file a First Amended Complaint, which would include a jury demand and one additional cause of action, by July 31, 2013. (*See* 7/16/13 Minute Entry, Dkt. No. 12.) Following the Case Management

Conference, the Court issued a Case Management Scheduling Order that included a jury trial date of May 5, 2014. (7/22/13 Case Management Scheduling Order, Dkt. No. 13.)

Later, the Court approved the stipulation of the parties to allow Plaintiff to file his First Amended Complaint, which explicitly preserved Defendant's right to bring a motion to strike the jury demand within 21 days. (Stipulation to Allow Filing of First Am. Compl. and Order, "Stip.," Dkt. No. 16 at 1.) On August 7, 2013, Plaintiff filed his First Amended Complaint, which added one cause of action and demanded a jury trial. (First Am. Compl., "FAC," Dkt. No. 17.)

On August 23, 2013, Defendant filed a motion to strike the jury demand from the First Amended Complaint. (Def.'s Mot. to Strike, Dkt. No. 20.)

## II. LEGAL STANDARD

In removal cases, the applicable state law regarding jury demands governs. *See* Fed. R. Civ. P. 81(c)(3)(A). California law requires that a party make an "express demand" for a jury trial. *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (interpreting California Civil Procedure § 631 to require "express demand"). In order to avoid waiving the right to a jury trial, a party must serve a jury demand within 14 days of removal of the action to federal court if all necessary pleadings have been served at the time of removal. Fed. R. Civ. P. 81(c)(3)(B). Under Federal Rule of Civil Procedure 38(d), "[a] party waives a jury trial unless its demand is properly served and filed."

## III. DISCUSSION

**A. The Court's July 22, 2013 Case Management Scheduling Order does not guarantee a trial by jury.**

Plaintiff contends that the Court's Case Management Scheduling Order specifying that any trial would be by jury was a legal determination that Plaintiff was entitled to a jury trial. (Pl.'s Opp'n to Def.'s Mot. to Strike, "Pl.'s Opp'n," Dkt. No. 21 at 2.) This is simply not the case. The scheduling order was not on the merits and did not address Defendant's motion to strike as it had not yet been filed.

Moreover, any claim by Plaintiff that he relied on the Court's Scheduling Order to protect his right to a jury trial is unavailing for two reasons. First, Plaintiff "had already waived his right

to a jury trial long before the order was issued," and the motion to strike was not before the Court when the Scheduling Order was issued. *See Zahn v. Geren*, 245 F. App'x 696, 697 (9th Cir. 2007) (scheduling order calling for a jury trial does not discharge previous waiver). Second, as Defendant stated in both the joint case management conference statement and in the stipulation to allow Plaintiff to file his First Amended Complaint, it did not believe that Plaintiff was eligible for a jury trial. In fact, Defendant explicitly preserved its right to file a motion to strike the jury demand in the stipulation.

Therefore, Plaintiff's right to a jury trial was not decided by way of the Scheduling Order.

### B. California law requires express jury demands

Plaintiff states that, in California state court, a party is not required to expressly demand a jury trial at the beginning of the case, and that a party only waives its right to a jury trial by failing to announce that a jury is required when the case is set for trial or in other circumstances provided by statute. *See* Cal. Civ. Proc. Code § 631(f). Plaintiff interprets this to mean that an express demand is not required, so Rule 81(c) precludes waiver unless a party is ordered by the court to file a demand within a specified time and fails to do so. (Pl.'s Opp'n at 3.)

While Plaintiff is correct that California law does not require an express demand at the outset of a case, the Ninth Circuit has interpreted California law to require an express demand. *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983). Therefore, once an action is removed to federal court, an express jury demand must be made within 14 days. Fed. R. Civ. P. 81(c)(3)(B).

Here, Plaintiff's initial complaint filed in Alameda County Superior Court did not contain a jury demand. The defendant's subsequent removal of the action to federal court on April 15, 2013 triggered the 14-day period in which Plaintiff must file a jury demand pursuant to Rule 81(c)(3)(B). Since an "express demand" is required in cases removed from California state court, the exception in Rule 81(c)(3)(A) cited by Plaintiff does not apply, and Plaintiff's failure to file a jury demand within 14 days constitutes a waiver of his right to trial by jury. *See* Fed. R. Civ. P. 38(d). Accordingly, Plaintiff has waived his right to a jury trial.

///

///

3

**C. The Court's discretion to order a jury trial pursuant to Rule 39(b) is unavailable.**

On January 23, 2013, Plaintiff filed his initial Complaint in state court, which did not contain a jury demand. (*See* Compl., Dkt. No. 1, Ex. A.) Defendant filed its answer on April 9, 2013, and subsequently filed its notice of removal of this action to federal court on April 15, 2013. *Id.* Under Federal Rule of Civil Procedure 81(c)(3)(B), if all necessary pleadings have been served at the time of removal, Plaintiff has 14 days to file a demand for a jury trial. As provided above, Plaintiff did not make a timely jury demand.

Pursuant to Rule 39(b), the district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. Fed. R. Civ. P. 39(b). That discretion, however, is narrow and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence. *Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987-88 (9th Cir.1980); *see also Lewis v. Time Inc.,* 710 F.2d 549, 556-57 (9th Cir.1983).

Plaintiff has failed to demonstrate how the court may exercise its limited discretion in this instance. An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir.1976); *see also Russ v. Standard Ins. Co.*, 120 F.3d 988, 989-90 (9th Cir.1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence*); Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir.1996) (denying untimely jury demand when due to counsel's oversight and inadvertence); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 910 (9th Cir.1983) (denial of untimely jury demand not an abuse of discretion where counsel's inadvertence was the only reason shown). Further, mistake of law is not sufficient grounds for the court to exercise its discretion. *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir. 1982)(refusal to order jury trial was proper in case removed from California state court when attorney mistakenly believed no demand was necessary under Rule 81(c)). At the hearing, Plaintiff's counsel admitted that her failure to make a timely jury demand was unintentional. Indeed, Plaintiff's counsel confirmed her mistake or oversight at the Case Management Conference when the Court raised the issue. As a result, the Court cannot

4

order a jury trial under Rule 39(b), as Plaintiff's failure to make a timely demand was the result of oversight or inadvertence.

### D. Plaintiff's new cause of action does not relieve waiver.

Plaintiff contends that even if he previously waived his right to a jury trial, filing an amended complaint that includes the new cause of action for wrongful termination in violation of public policy, along with additional facts, "triggers his right to demand a jury trial at the same time." (Pl.'s Opp'n at 3.)

When "the issues in the original complaint and the amended complaint turn on the same matrix of facts," a party's failure to demand a jury trial in the original complaint waives its right to a jury trial on the claims in the amended complaint. *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir.1979). *See also Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974)("the presentation of a new theory does not constitute the presentation of a new issue on which a jury trial should be granted [as of right] under ... Rule 38(b)"); *Betta Products, Inc., v. Distribution Systems and Services, Inc.*, No. 07-2071 SC., 2007 WL 1750211, at *1. Additionally, the Ninth Circuit invalidated a jury demand where there had been no initial request and "there [was] no significant difference in the facts necessary to support [the plaintiff's] original ADA claim and those supporting her new claims." *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1066 (9th Cir.2005).

Having reviewed both the initial and amended complaints, the Court finds that the issues in both "turn on the same matrix of facts," as there appears to be no significant difference in the facts necessary to support Plaintiff's original claim and those supporting his new claim. *See Las Vegas Sun, Inc.*, 610 F.2d at 620. Despite Plaintiff's counsel's assertions to the contrary, the facts that she cited regarding the termination were, as pointed out by Defense counsel, included in the initial complaint. Moreover, the cases that Plaintiff cites are unpersuasive and not binding on this Court. Accordingly, Plaintiff's addition of a new a new cause of action does not preclude waiver.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Plaintiff's Jury Demand from the First Amended Complaint is GRANTED. The demand for jury trial is hereby stricken

from the First Amended Complaint. Accordingly, absent a joint stipulation for a jury trial, a bench trial will be held on the originally scheduled trial date of May 5, 2014.

IT IS SO ORDERED.

DATE: October 7, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge