United States District Court
Northern District of California

JOWHAR ALSABUR,

    Plaintiff,

v.

AUTOZONE, INC., et al.,

    Defendants.

Case No.: CV 13-01689-KAW

ORDER GRANTING DEFENDANT AUTOZONE'S MOTION TO DISMISS THE SECOND CAUSE OF ACTION WITH PREJUDICE

(Dkt. No. 18)

On August 7, 2013, Plaintiff Jowhar Alsabur filed his first amended complaint against Defendant Autozone Inc. (First Am. Compl., "FAC," Dkt. No. 17.)

On August 23, 2013, Defendant filed a motion to dismiss Plaintiff's Second Cause of Action for disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that Plaintiff failed to exhaust his administrative remedies. (Def.'s Mot., Dkt. No. 18.)[1]

On October 3, 2013, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss the Second Cause of Action without leave to amend, as Plaintiff's failure to exhaust his administrative remedies bars recovery under California law, such that any amendment would be futile.

## I.     BACKGROUND

On March 25, 2011, Plaintiff was allegedly demoted from Store Manager to Assistant Manager. (Def.'s Req. for Judicial Notice, "RJN," Dkt. No. 19, Ex. A.) On approximately April

---

[1] Defendant's Motion mistakenly requested dismissal of the First Cause of Action. (Def.'s Reply, Dkt. No. 23 at 2 n. 1.)

9, 2011, Plaintiff was terminated for allegedly misusing company time by not adjusting his reported time at work after attending a doctor's appointment for a work-related injury. (FAC ¶¶ 20-22.)

On or about July 30, 2011, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("the DFEH"). (FAC ¶ 23.) Thereafter, on March 26, 2012, the DFEH issued a "right to sue" letter. *Id.*

Plaintiff filed this action on January 23, 2013 in Alameda County Superior Court, which Defendant subsequently removed to federal court. On August 8, 2013, Plaintiff filed his First Amended Complaint, alleging three causes of action: 1) Discrimination on the Basis of Race and National Origin [Gov't Code § 12940(j)]; 2) Failure to Accommodate Physical or Medical Condition [Gov't Code § 12940(a); and 3) Wrongful Termination in Violation of Public Policy. Defendant filed the motion to dismiss the Second Cause of Action on August 23, 2013.

## II.  LEGAL STANDARD

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must

demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ( "However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B. Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th

3

Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

#### A. Request for Judicial Notice

As a preliminary matter, Defendant asks that the Court take judicial notice of Plaintiff's Complaint for Discrimination no. E20112MO152-00-e, dated July 30, 2011, and Certification of Public Records Act Request. (RJN, Ex. A.) Plaintiff did not oppose Defendant's Request for Judicial Notice, and the Certification was addressed to Plaintiff's counsel as part of a public records request. *Id.*

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). The Court concludes that the public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. Accordingly, the Court GRANTS Defendant's request for judicial notice.

#### B. Motion to Dismiss the Second Cause of Action

Defendant seeks dismissal on the grounds that the Second Cause of Action for failure to accommodate under FEHA is fatally barred by Plaintiff's failure to include allegations that Autozone failed to accommodate his disability in his FEHA Complaint for Discrimination ("DFEH Charge"), such that he did not exhaust his administrative remedies to sue for disability discrimination. (Def.'s Mot. at 2.)

"In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law." *Yurick v. Superior Court,* 209 Cal.App.3d 1116, 1121 (1989). Exhaustion requires filing a written complaint (commonly referred to as a "charge") with DFEH within one year of the alleged unlawful employment discrimination, and then obtaining a notice from DFEH of the right to sue. *Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 492 (1996). The scope of the written administrative charge defines the permissible scope of any subsequent

4

civil action. *Yurick,* 209 Cal.App.3d at 1121-23. Any allegations in the civil complaint that are outside of the scope of the administrative charge are barred for failure to exhaust. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001). These procedural requirements are to "be construed liberally for the accomplishment of the purposes [of FEHA]." Cal. Gov't Code § 12993(a). Those purposes include the elimination of employment discrimination. Cal. Gov't Code § 12920.

Plaintiff's DFEH Charge was filed on July 30, 2011, but Plaintiff only checked the box for "race" discrimination and did not check the "disability" box. Further, the facts provided in Plaintiff's DFEH Charge are limited to his belief that the adverse employment action and his eventual termination were based on his being African American. In addition, Plaintiff's right to sue letter appears to incorporate Plaintiff's charge, and so does not provide any additional bases for Plaintiff's disability discrimination claim.

Plaintiff's Opposition did not provide any legal authority in opposition to Defendant's motion, only stating that "Defendant and the individuals involved will not be prejudiced by Plaintiff's second cause of action for failure to accommodate as they have had, and will continue to have, ample time to prepare their defenses as they relate to this cause of action. (Pl.'s Opp'n, Dkt. No. 22 at 2.) At the hearing, Plaintiff argued, for the first time, that while Plaintiff's DFEH Charge did not explicitly state that he was bringing a disability discrimination claim, Defendant was on notice, as Plaintiff's Charge stated that he was told that he "was terminated for falsification of documents," and DFEH sent the Charge to Autozone. Therefore, since Defendant knew Plaintiff was obtaining medical treatment for a work-related injury when he was not "clocking out" (Compl. ¶ 20), Defendant should have known this was due to disability and had a duty to accommodate. As an initial matter, that this argument was raised for the first time at oral argument is procedurally improper, as it deprives the opposing party of a meaningful opportunity to respond.

At the hearing, Plaintiff asked the Court to infer that the disability claim was included in the Charge, because he was not "clocking out" due to his work-related injury. Plaintiff therefore asks the Court to disregard any failure to exhaust on the grounds that Autozone knew that

Plaintiff was seeking medical treatment, and should have known that there was an implied claim of disability discrimination for failure to accommodate. Even if Plaintiff's failure to clock out occurred when he left work for medical appointments, there was no allegation in the Charge that his disability rendered him unable to clock out before leaving work. Indeed, Plaintiff's only allegations regarding pretext have to do with race— that other similarly situated employees of different races were not terminated for failing to clock out. Plaintiff's request that the Court infer that the disability claim was included in his DFEH Charge requires a giant leap in logic that this Court is neither willing nor required to take.

Defendant cites *Rodriguez v. Airborne Express,* 265 F.3d 890 (9th Cir. 2001), in support of its position that Plaintiff has failed to exhaust his administrative remedies. *Rodriguez* involved facts similar to the instant case, as the plaintiff, who was diagnosed with depression, was terminated from him employment and filed a DFEH Charge that only indicated that he believed that he was terminated because of race. *Id.* at 895. Mr. Rodriguez then filed a subsequent action against his former employer for disability discrimination under FEHA. *Id.* at 896. The Ninth Circuit found that the plaintiff's "allegation of termination because of Mexican-American status is an entirely different charge from one that the employer had failed to acknowledge and accommodate a disability." *Id.* at 900. As a result, the Ninth Circuit held that the specific factual allegations in the plaintiff's original charge could not reasonably support a claim of discrimination on the basis of disability. *Id.*[2]

Similarly, as provided above, Plaintiff's Charge only indicated that he was terminated on the basis of race, and the allegation of termination is a wholly different charge than the failure to accommodate. As a result, the factual allegations contained therein do not support a claim of disability discrimination. As Plaintiff's right to sue letter defines the permissible scope of the

---

[2] The Ninth Circuit remanded *Rodriguez* to the district court on the grounds that equitable considerations may preclude the plaintiff's claim from being time-barred "if he was in fact misled by DFEH into believing he could not pursue a claim of disability discrimination under FEHA," which was found to be a triable issue of fact. *Rodriguez*, 265 F.3d at 902. There are no allegations that Plaintiff was misled in this case. Rather, the Court has been asked to infer that the disability claim was included in Plaintiff's alleged pretextual termination for "falsification of documents."

instant action, Plaintiff's allegations pertaining to his disabilities are outside the scope of that charge, and are therefore barred for his failure to exhaust his administrative remedies.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Autozone, Inc.'s Motion to Dismiss Plaintiff's Second Cause of Action without leave to amend, as Plaintiff's failure to exhaust his administrative remedies makes any amendment futile.

IT IS SO ORDERED.

Dated: October 7, 2013

KANDIS A. WESTMORE
United States Magistrate Judge