United States District Court
Northern District of California

JOWHAR ALSABUR,

    Plaintiff,

v.

AUTOZONE, INC., et al.,

    Defendants.

Case No.: CV 13-01689-KAW

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

(Dkt. No. 42)

Presently before the Court is Plaintiff Jowhar Alsabur's motion for leave to file a second amended complaint[1] to allege additional causes of action for breach of contract and fraud. (Pl.'s Mot. for Leave to Am., "Pl.'s Mot.," Dkt. No. 42.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and DENIES Plaintiff's motion for leave to amend.

## I.   BACKGROUND

### A. Factual Background

On March 25, 2011, Plaintiff was allegedly demoted from Store Manager to Assistant Manager. (Pl.'s Mot. at 4; Proposed Second Am. Compl., "Proposed SAC", Dkt. No. 42 at ¶¶ 7, 21.)  Plaintiff alleges that on February 2011, he injured his back while working at Defendant's store. (FAC ¶ 18.)  Plaintiff alleges that on or about March 25, 2011, Plaintiff met with Defendant's management at an offsite location to speak about Plaintiff's performance. (Proposed SAC ¶¶ 20-21.)  During the meeting Defendant's management informed Plaintiff that he had not met the company's Performance Improvement Plan (PIP) expectations, and provided Plaintiff

---

[1] Although Plaintiff refers to the motion as one for leave to amend the first amended complaint, the motion is more properly described as a motion for leave to file a second amended complaint.

with two options, "1) accept a demotion and pay cut with the understanding that he would be able to earn his way back into a store manager position; or 2) challenge the PIP and face termination." (Proposed SAC ¶ 21.) Plaintiff accepted the demotion and returned to work the following morning. (Proposed SAC ¶ 22.) On or about April 9, 2011, Plaintiff was terminated for allegedly misusing company time by not adjusting his reported time at work after attending a doctor's appointment for a work-related injury. (FAC ¶¶ 20-22; Proposed SAC ¶¶ 23-24.)

### B. Procedural Background

Plaintiff filed this action on January 23, 2013 in Alameda County Superior Court, which Defendant removed to federal court on April 15, 2013. On July 16, 2013, the Court held the initial case management conference, where Plaintiff expressed a desire to amend the pleading. Defendant did not object to the amendment and stipulated to permit Plaintiff to file a First Amended Complaint without seeking leave of court, while reserving the right to challenge the pleading and the jury demand. As a result, the Court filed its Scheduling Order which established July 31, 2013 as the last date for the parties to file a stipulation to permit a First Amended Complaint. (Case Management Order, Dkt. No. 13.) On July 30, 2013, the parties filed a stipulation to allow Plaintiff to amend his complaint, "for the purpose of allowing Plaintiff to avoid filing a motion for leave to amend the pleadings." (Stipulation, Dkt. No. 15.) On August 6, 2013, the Court approved the stipulation, allowing Plaintiff to amend the complaint. (Dkt. No.16.)

On August 7, 2013, Plaintiff filed his First Amended Complaint, alleging three causes of action: 1) Discrimination on the Basis of Race and National Origin [Gov't Code § 12940(j)]; 2) Failure to Accommodate Physical or Medical Condition [Gov't Code § 12940(a); and 3) Wrongful Termination in Violation of Public Policy. (FAC, Dkt. No. 17.) On August 23, 2013, Defendant filed motions to dismiss the failure to accommodate cause of action and to strike the jury demand. (Def.'s Mot. to Dismiss, Dkt. No. 18.) On October 7, 2013, the Court granted Defendant's motions. (Order Granting Mot. to Strike Pl.'s Jury Demand, Dkt. No. 27; Order Granting Mot. to Dismiss Second Cause of Action, Dkt. No. 28.) Defendant filed its answer to Plaintiff's First Amended Complaint on October 29, 2013.

On December 4, 2013, Plaintiff appeared for deposition. (Def.'s Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl., "Def.'s Opp'n", Dkt. No. 45 at 3.) On February 18, 2014, Plaintiff filed the motion requesting leave to file a Second Amended Complaint to assert causes of action for fraud and breach of oral contract.

## II. LEGAL STANDARD

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to determine the propriety of a motion for leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990)). The factors are not to be given equal weight. *Eminence Capital*, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. *Id*. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

The party opposing the amendment carries the burden of showing why leave to amend should not be granted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The trial court has discretion to grant or deny leave to amend. *See Cal. v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

## III. DISCUSSION

Plaintiff moves for an order granting leave to file a Second Amended Complaint to include two additional claims for fraud and breach of contract based on an alleged oral contract that Plaintiff and Defendant entered into during an off-site meeting on March 25, 2011. (Proposed SAC ¶¶ 20-22.) More specifically, Plaintiff alleges that, at the March 2011 meeting, he agreed to a demotion in exchange for not being terminated, so long as he "should satisfactorily train employees and management at his store (5230) on proper running of said store." (Proposed SAC ¶ 48.) Plaintiff claims that he learned of these new facts after the filing of the first amended

complaint, because he did not have documentary evidence of his acceptance until Defendant produced a screen shot that evidenced the date of demotion. (Pl.'s Reply at 3; Decl. of Tiega-Noel Varlack in Supp. of Pl.'s Mot. for Leave to File a Second Am. Compl., "Varlack Decl.", Dkt. No. 46-1 ¶ 19.) Plaintiff contends that he had no way of proving the demotion, other than through his own testimony, since Defendant had exclusive access to Plaintiff's personnel records. (Pl.'s Reply at 3; Varlack Decl. at 3.)

**A. Defendant misinterprets the Court's Scheduling Order.**

Preliminarily, the Court will address Defendant's argument that Plaintiff's motion is governed by Federal Rule of Civil Procedure 16 rather than Rule 15(a). (Def.'s Mot. at 3-4.) Defendant argues that the Court's July 22, 2013 Scheduling Order and July 16, 2013 Civil Minute Order made July 31, 2013 the last day for Plaintiff to amend all pleadings. (Def.'s Mot. at 3; Dkt. No. 12.) Defendant claims that the Scheduling Order's cutoff for amending the pleadings controls any subsequent amendments and that these amendments are not allowed without a request to first modify the Scheduling Order. (Def.'s Mot. at 3; Fed. R. Civ. P. 16(d); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1232 (E.D. Cal. 1996)). Defendant argues that Plaintiff's failure to request a modification of the Scheduling Order before seeking leave to amend is fatal. (Def.'s Mot. At 4.) In addition, Defendant argues that Plaintiff has failed to show good cause to obtain leave to amend as required by Rule 16(b)(4). (Def.'s Mot. at 4.)

Defendant, however, has misconstrued the Court's July 22, 2013 Scheduling Order. The July 31, 2013 deadline specifically referred to the parties' cutoff deadline to file their stipulation to allow Plaintiff to file his First Amended Complaint, rather than setting a deadline for subsequent amendments. Additionally, the Court's Pretrial Order filed on January 6, 2014 did not include a deadline to amend the pleadings. (*See* Dkt. No. 39.) So, since the Court never set a deadline for amending the pleadings, Plaintiff's motion for leave to amend is not subject to Rule 16.[2]

---

[2] Since Plaintiff's motion is not subject to Rule 16, the Court need not address Defendant's bad faith argument in the context of Rule 16.

4

**B. Plaintiff's motion for leave to amend is governed by Rule 15.**

Rule 15(a) provides that leave to amend the pleadings before trial should generally "be freely given when justice so requires," but it "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Courts generally consider five factors in deciding whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990)).

Defendant argues that undue prejudice, undue delay, and Plaintiff's bad faith warrant denial of Plaintiff's motion. (Def.'s Mot. at 6.) Plaintiff contends that Defendant has not been prejudiced, and that delay, in and of itself, is not grounds to deny leave to amend. (Pl.'s Mot. at 6.) The Court finds that three of the five factors are present, and so will address undue delay, prejudice to Defendant, and that Plaintiff has previously amended his complaint.

1. <u>Undue Delay</u>

The Ninth Circuit has held that "relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised in the original pleadings." *Jackson*, 902 F.2d at 1388. Plaintiff argues that he did not have access to the documents necessary to support the fraud and breach of contract claims prior to Defendant's January 3, 2014 document production. (Pl.'s Reply at 2-3.) Specifically, Plaintiff claims that he did not have any evidence of his acceptance, other than his own testimony, of the alleged oral contract terms until Defendant produced a document evidencing his date of demotion. (Pl.'s Reply at 3.) Plaintiff claims that he timely filed this motion for leave to amend after receipt of this evidence. *Id.*

Factual contentions in pleadings, however, need not be supported by actual evidence at the time of filing, but, rather "if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). So, the simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *See Chiron Corp. v. Abbott Laboratories,* 156 F.R.D. 219, 29 Fed. R. Serv. 3d 1350 (N.D. Cal. 1994). The

Federal Rules of Civil Procedure contemplate that plaintiffs may not have access to evidence to support their claims until they engage in the discovery process. This is why parties are permitted to allege facts upon information and belief. Thus, Plaintiff's lack of access to documentary evidence to prove his new causes of action did not prevent him from raising those allegations in either his initial or first amended complaints.

Furthermore, the Ninth Circuit has held that late amendments to assert new theories are not viewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the action. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Here, in conceding that his own testimony would have supported his allegations for breach of contract and fraud, Plaintiff acknowledges that the facts and theories that are now raised have been known to him since the inception of the litigation. (Pl.'s Reply at 3.) Consequently, Defendant's argument that Plaintiff, at the time of his termination, had knowledge of the alleged promises and representations forming the proposed Second Amended Complaint is compelling. The facts supporting the breach of contract claim could have been pled at the time of the filing of the initial and amended complaints, as Plaintiff was not required to obtain documentary evidence to prove his claim prior to filing. Plaintiff also fails to articulate why he was unable to previously allege the fraud claim based on his knowledge, or which newly discovered facts form the basis of the fraud claim. Plaintiff's argument that the filing of the Second Amended Complaint is not unduly delayed because he did not have documentary evidence supporting his new claims is, therefore, unpersuasive.

Accordingly, the Court finds that Plaintiff unduly delayed seeking leave to add new causes of action, because he had knowledge of the underlying facts to support the new allegations at the time of filing the initial complaint.

2. <u>Prejudice to Defendant</u>

As Plaintiff correctly notes, however, delay alone does not provide sufficient grounds for denying leave to amend. *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory

6

maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Prejudice typically arises where the opposing party is surprised with new allegations which require additional discovery or will otherwise delay resolution of the case. *See, e.g., Acri*, 781 F.2d at 1398-99. A party may be found unduly prejudiced if "[t]hese additional claims advance different legal theories and require proof of different facts." *Jackson*, 902 F.2d at 1387.

Here, the parties have already conducted discovery, including several depositions, and have a non-expert discovery cutoff date of May 19, 2014, and an October 20, 2014 trial date. Defendant argues that granting Plaintiff's motion will require Defendant to reopen Plaintiff's deposition for questioning on the elements of the fraud and breach of contract causes of action, as well as to conduct additional discovery. (Def.'s Mot. at 6.) Plaintiff, however, argues that the amendment will not prejudice Defendant and "will not necessitate any added preparation costs as no additional discovery is required and the facts that led to these causes of action have already been disclosed and explored by both parties." (Pl.'s Mot. at 6.) Alternatively, Plaintiff argues that even if additional discovery is required, it will not be unduly burdensome to Defendant.[3] *Id.*

Plaintiff wants to raise new causes of action which advance different legal theories and require different facts. Plaintiff's first amended complaint is limited to facts supporting the contention that his termination for misuse of company time was pretextual, because non-African American employees engaging in the same practice were not subject to discipline. (FAC ¶¶ 20-22.) The first amended complaint does not, however, contain any facts pertaining to the March 25, 2011 meeting, which Plaintiff attended, and which forms the bases of the new causes of action.[4] (Proposed SAC ¶¶ 20-22, 40-42, 48.) Thus, Plaintiff's argument that the fraud and breach

---

[3] Plaintiff mischaracterizes the effect of Plaintiff's amendment on Defendant's potential need to conduct additional discovery as "unduly burdensome." Unlike the common discovery objection, Defendant need only show prejudice in support of its opposition to Plaintiff's motion for leave to amend.

[4] Moreover, it is unclear from the Proposed Second Amended Complaint what terms constituted the alleged oral contract. In fact, Plaintiff appears to advance at least four different versions of the alleged contract. (*See* Proposed SAC ¶¶ 21, 40-42, 48.) In one version, Plaintiff has carved out an exception to what would otherwise constitute "good cause termination," by essentially stating that a violation of the attendance policy is not "good cause." (Proposed SAC ¶ 42.) It seems that

7

of contract allegations would require no additional discovery is unpersuasive, because the underlying facts are completely new, and would, at a minimum, require the reopening of Plaintiff's deposition, as well as the depositions of the meeting's other attendees, to establish the terms of the alleged oral contract.

Therefore, the additional expense incurred due to further discovery—combined with a looming fact discovery cut-off— sufficiently establishes that Defendant would be prejudiced by the granting of the motion.

3. Plaintiff's Previous Amendment

Moreover, courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted. *Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 879 (9th Cir. 1999). In *Chodos*, the Ninth Circuit affirmed the district court's denial of leave to amend when the party knew of the factual basis for the amendment prior to a previous amendment. 292 F.3d at 1003. Further, a party that contends it learned "new" facts to support a claim should not assert a claim that it could have pleaded in previous pleadings. *Edwards Lifesciences LLC v. Cook Inc.*, No. C 03-03817JSW, 2008 WL 913328, at *3 (N.D. Cal. Apr. 2, 2008) (citing *Chodos*, 292 F.3d at 1003).

Similarly, here, Plaintiff has already been granted leave to amend his complaint and had knowledge of the underlying facts to support the fraud and breach of contract causes of action at the time of filing his first amended complaint. That he has since obtained new evidence to bolster the new causes of action does not excuse his failure to include these allegations in previous pleadings.

Accordingly, the Court finds that Plaintiff's previous amendment weighs against the granting of the motion.

---

Plaintiff is reading this exception into the alleged oral contract, because he was terminated for that very reason. Further, in the absence of an express oral agreement, Plaintiff can only claim that there was an oral implied agreement based on Defendant's conduct or oral representations, but that generally requires years of employment, not weeks, following the implied agreement. *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 681 (1988). In addition, while Defendant does not argue that the proposed causes of action were insufficiently pled, Plaintiff's new claims may not be viable and will likely only result in additional motion practice to resolve the pleadings.

8

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to file a second amended complaint is DENIED on the grounds that Defendant will suffer sufficient prejudice at this juncture due to Plaintiff's undue delay in asserting the proposed causes of action.

IT IS SO ORDERED.

Dated: April 3, 2014

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge