UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWHAR ALSABUR,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOZONE, INC.,<br><br>    Defendant. | Case No.  13-cv-01689-KAW<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>(Dkt. No. 61) |

On May 29, 2014, Plaintiff Jowhar Alsabur filed an administrative motion to file under seal exhibits to Plaintiff Jowhar Alsabur's declaration in support of his opposition to Defendant's motion for summary judgment. (Dkt. No. 61.)[1]

As an initial matter, the chambers copies of the unredacted version do not conform to Civil Local Rule 79-5(d)(2), which requires Plaintiff to:

> Provide a courtesy copy of the administrative motion, declaration, proposed order, and both the redacted and unredacted versions of all documents sought to be sealed, in accordance with Civil L.R. 5-1(e)(7).
>
> The courtesy copy of unredacted declarations and exhibits should be presented in the same form as if no sealing order was being sought. In other words, if a party is seeking to file under seal one or more exhibits to a declaration, or portions thereof, the courtesy copy should include the declaration with all of the exhibits attached, including the exhibits, or portions thereof, sought to be filed under seal, with the portions to be sealed highlighted or clearly noted as subject to a sealing motion.

Plaintiff's unredacted copies consist of a single stack of bates stamped papers attached with a

---

[1] Plaintiff's administrative motion is erroneously captioned as seeking to seal exhibits to Ms. Varlack's declaration (Dkt. No. 60-3) when the exhibits actually correspond to Mr. Alsabur's declaration (Dkt. No. 60-1).

1  small binder clip.  The unredacted, chambers copies of both Mr. Alsabur's declaration and the
2  motion to seal should have been submitted in the same form as the filed, redacted copies with the
3  redacted portions highlighted, including the tabs and those exhibits that are not sought to be
4  sealed.  Reviewing the information in the present form is too onerous an undertaking for the
5  Court.

6  As to the merits, Plaintiff essentially attempts to submit entire documents under seal, and
7  has taken no steps to appropriately redact them.  Plaintiff requests a sealing order on the grounds
8  that Defendant produced them pursuant to a stipulated protective order.  After a cursory review of
9  the documents, the Court finds that some of the information contained is clearly not appropriate
10 for sealing, such as the names and information contained in the publicly-filed declaration. (*See*
11 *generally* Decl. of Tiega-Noel Varlack, "Varlack Decl.," Dkt. No. 61-1.)  Further, pursuant to
12 Civil Local Rule 79-5(e), Plaintiff's administrative motion "must identify the document or
13 portions thereof which contain the designated confidential material and identify the party that has
14 designated the material as confidential ('the Designating Party')."  Defendant, as the Designating
15 Party, must then submit a responsive declaration with four days of Plaintiff's motion to show that
16 all designated matter was sealable. *See* Civil L.R. 79-5(e)(1)-(2).  Defendant did not file any such
17 declaration.

18 In light of the deficiencies in Plaintiff's administrative motion to seal, the motion to seal is
19 denied without prejudice.  Plaintiff may submit an amended administrative motion to seal within
20 seven days of this order, which much comply with Civil Local Rule 79-5, which requires the
21 submission of a separate, unredacted chambers copy of Plaintiff's declaration in support of his
22 opposition.  In the alternative, Plaintiff may file an unredacted version of Mr. Alsabur's
23 declaration in support of his opposition, and all accompanying exhibits, within seven days of this
24 order, thereby abandoning his motion to seal.  Failure to take action within seven days of this
25 order will result in the Court being unable to consider the exhibits sought to be sealed. *See* Civil
26 L.R. 79-5(f)(2).

27 Additionally, the Court notes that at least one exhibit, bates stamped document D01573 in
28 Exhibit D, is incorrectly described as being dated November 4, 2010, when it was actually dated

2

November 2, 2010. (*See* Varlack Decl. ¶ 5; Ex. D).  The Court trusts that if Plaintiff files an amended motion that all information provided will be accurate.

IT IS SO ORDERED.

Dated: June 6, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge