UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWHAR ALSABUR,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOZONE, INC.,<br><br>    Defendant. | Case No. 13-cv-01689-KAW<br><br>ORDER REGARDING 5/21/2014 JOINT LETTER CONCERNING RULE 30(B)(6) DEPOSITION<br><br>Dkt. No. 54 |

On May 23, 2014, the parties filed a joint letter dated May 21, 2014. (Joint Letter, Dkt. No. 54.) This joint letter concerns Defendant Autozone's Rule 30(b)(6) deponent, Francis Tobias, who Plaintiff contends knew nothing of Plaintiff's employment or the 55 noticed deposition categories. (Joint Letter at 3-4.) Plaintiff seeks an order requiring the reopening of the 30(b)(6) deposition. *Id.* at 4.

Upon review of the joint letter, the Court finds this matter appropriate for resolution without further briefing or oral argument pursuant to Civil Local Rule 7-1(b), and will not order the reopening of the 30(b)(6) deposition.

## I.    BACKGROUND

Plaintiff Jowhar Alsabur worked for Defendant Autozone, Inc. at Store 5229 in Oakland, California. On March 25, 2011, Plaintiff was allegedly demoted from Store Manager to Assistant Manager. On or about April 9, 2011, Plaintiff was terminated for allegedly misusing company time by not adjusting his reported time at work after attending a doctor's appointment for a work-related injury. Plaintiff, who is African American, claims that his demotion and eventual termination were based on race discrimination rather than for violating company policy.

Plaintiff did not notice the depositions of any percipient witnesses, despite discussing the

1    potential depositions of six witnesses, including Sheri Lemond, James Sechler, and Venustino

2    Ochoa, and their respective dates of availability. (Joint Letter at 3.)

3          Instead, "[t]o save both parties money," Plaintiff noticed a deposition of Defendant's

4    corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on May 14, 2014.

5    (*See* Joint Letter at 3; Dep. Not., Joint Letter, Ex. A at 6.) Defendant did not object to the 55

6    noticed deposition topics, and the deposition went forward on May 15, 2014. (Joint Letter at 2.)

7    Defendant produced Francis Tobias, Regional Human Resource Manager, as its 30(b)(6)

8    deponent. Plaintiff began Mr. Tobias' deposition at 10:00 a.m. and took a recess at 10:51 a.m.

9    after a dispute arose as to whether a question was on a noticed deposition topic. (Dep. of Francis

10   Tobias, "Tobias Dep.," Joint Letter, Ex. C at 40.) When the parties went back on the record at

11   11:12 a.m., Plaintiff's counsel, Tiega-Noel Varlack, terminated the deposition because "Autozone

12   has produced a witness who we believe does not have knowledge of the categories noticed in our

13   deposition." *Id.*

14         The parties did not seek judicial intervention pursuant to Civil Local Rule 37-1(b) and the

15   Court's Standing Order—which permits parties to seek a judicial determination during a discovery

16   event—prior to the termination of the deposition. (Judge Westmore's Standing Order ¶ 16.)

17         On May 23, 2014, the parties filed the joint letter dated May 21, 2014.

## II.     LEGAL STANDARD

19   Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral

20   questions, depose any person, including a party, without leave of court...." Fed. R. Civ. P.

21   30(a)(1). In turn, Rule 30(b)(6) provides that

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

27   Fed. R. Civ. P. 30(b)(6). "The corporation has a duty to educate its witnesses so they are prepared

28   to fully answer the questions posed at the deposition." *Bowoto v. ChevronTexaco Corp.*, No. C

1   99–02506 SI, 2006 WL 294799, at *1 (N.D.Cal. Feb. 7, 2006) (citing *In re Vitamins Antitrust*
2   *Litig.*, 216 F.R.D. 168, 172 (D.D.C.2003)).
3       A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable
4   particularity the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6).
5   "However, the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what
6   is asked of the designated witness at a deposition." *UniRAM Technology, Inc. v. Monolithic Sys.*
7   *Tech., Inc.*, No. C 04–1268 VRW (MEJ), 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007)
8   (citing *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)).
9   "The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify,
10  not the maximum." *Id.* (citing *Detoy*, 196 F.R.D. at 366–67). "However, if the deponent does not
11  know the answer to questions outside the scope of the matters described in the notice, then that is
12  the examining party's problem." *Detoy*, 196 F.R.D. at 367 (quoting *King v. Pratt & Whitney, a*
13  *Div. of United Technologies Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995))(internal quotations
14  omitted).

### III.   DISCUSSION

16  The deposition transcript states that Plaintiff voluntarily terminated the 30(b)(6) deposition
17  because "Defendant did not produce the witness who had the [m]ost [k]nowledge to answer the
18  30(b)(6) category relating to the decision to demote and fire Mr. Alsabur." (Tobias Dep. at 42:17-
19  43:6.) Despite Plaintiff's protestations to the contrary, the Federal Rules do not require a
20  corporate entity to produce its person most knowledgeable about the matters designated. Rather, it
21  need only produce a person "with knowledge whose testimony will be binding on the party."
22  *Century 21 Real Estate, LLC v. All Prof'l Realty, Inc.*, 2:10-CV-2751 WBS GGH, 2012 WL
23  2116409 (E.D. Cal. June 6, 2012)(quoting *Rodriguez v. Pataki*, 293 F.Supp .2d 305, 311
24  (S.D.N.Y.2003)).
25      In the joint letter, Plaintiff states counsel terminated the deposition because it "was
26  unproductive, in that the witness had no knowledge of the subject matter...." (Joint Letter at 1.)
27  Plaintiff further alleges that Mr. Tobias "knew nothing of Plaintiff's employment at Autozone,
28  Inc. He did not even know what position Mr. Alsabur held." (Joint Letter at 3.) A review of the

deposition transcript shows that these blanket allegations are untrue, as Mr. Tobias knew that Plaintiff was employed at Store 5229, located in Oakland's Fruitvale neighborhood, that Plaintiff was a store manager, and that he was terminated for falsification of company documents. (Tobias Dep. at 26:2-14, 29:10-15, 31:18-32:14.) Mr. Tobias, as a 30(b)(6) deponent, while not required to have personal knowledge of the events surrounding Plaintiff's termination, is required to be educated about the matters designated.

Plaintiff's counsel asked the deponent "[i]f you have a store manager that is failing to perform, what are the steps that you would take to assist that store manager?" (Tobias Dep. at 39:13-15.) Defendant objected on the grounds that questions regarding how Autozone generally treats failing managers are outside of the noticed topics. Plaintiff cited topic numbers 21 and 22,[1] which are actually limited to Plaintiff's individual performance rather than the performance of other managers. (Tobias Dep. at 39.) Thus, a review of the deposition notice supports Defendant's position. (*See* Dep. Not. at 4.) The parties took a recess, and then Plaintiff terminated the deposition when they went back on the record despite Defendant's willingness to continue. (Tobias Dep. at 43.)

While Mr. Tobias can testify to matters outside of the deposition notice, the deposition should not be terminated due to his inability to answer questions on topics that were not included in the notice. Plaintiff argues that Mr. Tobias was not knowledgeable about the topics noticed, except that his allegations are not supported by the deposition transcript, which indicates that any perceived lack of knowledge relates to unnoticed topics, including what steps Autozone would

---

[1] Deposition Matters Nos. 21 and 22:

> 21. All documents that relate or refer to Plaintiff's job functions, job assignments, training, status, salary, bonuses, benefits and other terms and conditions of his employment with respect to all positions held while employed with Defendant.
>
> 22. All documents that relate or refer to evaluations of Plaintiff's performance while employed with Defendant until Plaintiff's separation from employment, including, but not limited to: evaluations, self-evaluations, merit reviews, salary or performance reviews, promotions, transfers, ratings, and letters of commendation, praise or criticism.

(Dep. Not. at 4.)

4

1  generally take to assist an underperforming store manager. (*See* Tobias Dep. at 39-40.)

2  In fact, the transcript indicates that Plaintiff terminated the deposition because Defendant did not produce Sheri Lemond, Michael Estes, James Sechler, and Venustino Ochoa. (Tobias Dep. at 42:9-43:6.)  Plaintiff, however, does not get to choose his corporate witness when he notices a 30(b)(6) deposition.  If he wanted to depose those individuals, or any other individuals in connection with this litigation, he should have noticed their individual depositions.

The Court declines to pass judgment on whether Plaintiff's litigation strategy of declining to depose those percipient witnesses in favor of a 30(b)(6) deponent was sound.  The Court will not, however, order the reopening of a deposition that Plaintiff terminated, because he was either upset that the corporate witness was not prepared to answer questions outside of the noticed topics or that he did not get his choice of an individual witness.  That this frustration may be aggravated on account of having chosen to forego the depositions of other witnesses, is of no consequence.

Lastly, the parties do not address why they did not avail themselves of Civil Local Rule 37-1(b) and the Court's Standing Order, by contacting the Court prior to terminating the deposition.  The Court could have quickly ruled that the questions were outside of the scope of the notice and Mr. Tobias' deposition could have continued.

Notwithstanding, the Court will permit Plaintiff to reopen Autozone's 30(b)(6) deposition on the topics noticed in the original deposition notice. (Joint Letter, Ex. A.)  Plaintiff shall, however, be required to reimburse Defendant for its reasonable fees and costs incurred in relation to the May 15, 2014 deposition, to be approved by the Court.  Autozone may produce Mr. Tobias or another corporate witness of its choosing.  Plaintiff is being required to pay for these costs, because Defendant produced an educated corporate witness who was ready to proceed on the topics noticed, so it would be unfair not to reimburse Defendant given Plaintiff's unilateral adjournment of the deposition without cause and without availing himself of the immediate relief available under both Civil Local Rule 37-1(b) and the Court's Standing Order.

///

///

///

### IV. CONCLUSION

In light of the foregoing, the Court will give Plaintiff the option of reopening Defendant Autozone's 30(b)(6) deposition subject to the conditions set forth above.

IT IS SO ORDERED.

Dated: June 18, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge